STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-069

GAB -YOR- 2/10/2003

CASINOS NO!, et al.,

Plaintiffs

v.

ORDER    DONALD L. GARBRECHT
LAW LIBRARY

FEB 12 2003

STATE OF MAINE, SECRETARY OF STATE,
THE PASSAMAQUODDY TRIBE,
THE PENOBSCOT NATION and
THINK ABOUT IT,

Defendants

## BACKGROUND

On October 8, 2002, the Passamaquoddy Tribe and the Penobscot Nation (the

Tribes) submitted an Application for Citizen Initiative to the Secretary of State. After

review and revision, the Secretary of State approved the following referendum question

on October 28, 2002:

> Do you want to allow a casino to be run by the Passamaquoddy Tribe and
> the Penobscot Nation if part of the revenue is used for state education and
> municipal revenue sharing?

The tribes, acting together with "Think About It", a political action committee

supporting their cause, planned to collect signatures at polling places during the

statewide general election on November 5, 2002. On October 30, 2002 "Casinos No!" a

group opposed to the referendum, along with certain individuals, filed a three-count

complaint. Count I was a traditional request for review of final agency action pursuant

to Rule 80C, M.R.Civ.P., challenging the Secretary of State's formulation of the

referendum question. Count II was a Declaratory Judgment action also challenging the formulation of the question. Count III requested injunctive relief preventing the tribes or "Think About It" from circulating the petition or gathering signatures at polling places on election day, or otherwise.

The Tribes and "Think About It" filed a Motion to Dismiss asserting that the action filed by "Casinos No!" was a SLAPP suit designed to interfere with their right to invoke the initiative and referendum process. The claim for injunctive relief and the motion to dismiss were heard on an expedited basis on October 31, 2002. I denied the claim for injunctive relief and reserved ruling on the Motion to Dismiss.

## DISCUSSION

"SLAPP" is an acronym for Strategic Lawsuit Against Public Participation. Generally, SLAPP litigation is meritless and filed to impede or punish the exercise of constitutional rights. *Morse Bros., Inc. v. Webster*, 2001 ME 70, 772 A.2d 842 (Me. 2001). By statute, Maine allows a defendant to file a "special motion to dismiss" alleging that an action is SLAPP litigation, 14 M.R.S.A. § 556. The Tribes have filed such a motion in this case.

To succeed on a "special motion to dismiss" the Tribes must first establish that they were exercising their rights to petition under either the federal or state constitutions. Here the Tribes were clearly exercising their state constitutional right to propose legislation, *Me. Const.* Art. IV, pt. 3, §18, and their rights to Free Speech.

Once the Tribes establish they were exercising their constitutional rights, the burden shifts to the Plaintiffs to demonstrate that the Tribes' exercise of their rights to petition was devoid of any arguable legal merit and that the Tribes' actions caused actual injury to the Plaintiffs.

I find and conclude that the Tribes efforts to exercise their rights to petition were not devoid of reasonable factual or legal support. They sought and obtained the Secretary of State's approval of the question. While the Plaintiffs have challenged this approval, the outcome of that challenge is by no means certain.

I also find and conclude that the Tribes' activities would not cause actual injury to the Plaintiffs. The Plaintiffs argue that the question as formulated is misleading and that public circulation of the question would irrevocably taint any subsequent debate. This is pure speculation. I can take judicial notice that the issue of casino gambling has been and, if the question is ultimately put to the voters, will be perhaps the most thoroughly debated and controversial referendum question in recent memory. To suggest that the question alone, apart from the vigorous debate which will surely surround it, would irrevocably mislead Maine voters is to seriously underestimate both their interest in the issue and their good common sense.

Obviously, those seeking to obtain sufficient signatures to put a referendum question on the ballot would attempt to collect those signatures at polling places on election day, where a large pool of registered voters would be readily available for solicitation. Conversely, a group seeking to avoid a referendum might be inclined to take steps to impede or complicate the signature gathering process. In this case the Plaintiffs sought an injunction restraining the Tribes from "dissemination, signature collection and other promotion of the Referendum Question."

Thus, I find and conclude that so much of Plaintiffs' complaint which sought injunctive relief was devoid of legal merit. To prevail on a claim for injunctive relief, the Plaintiffs would have to demonstrate that they had no other effective legal remedy. Here, the Tribes had secured the Secretary of State's approval for the question. While the Plaintiffs were within their rights to bring a Rule 80C challenge to this approval, it

should have been clear that if that challenge succeeded the question would not appear on the ballot. They would have a fully effective legal remedy. The plaintiffs' decision to seek the rather extraordinary remedy of injunctive relief would appear to have been designed to derail the referendum process rather then to vindicate their legal claims with respect to the formulation of the question.

Therefore, the Tribes' Special Motion to Dismiss is Granted as to the Plaintiffs' claims for declarative and injunctive relief only. The statute permits a discretionary award of counsel fees. The Tribes may submit an affidavit for counsel fees incurred in defense of the request for injunctive relief only. The Plaintiffs may submit their objection thereto in writing within 14 days and I will decide the counsel fees issue on the pleadings.

Nothing in this order should be construed as expressing an opinion concerning either the merits of the challenge to the Secretary of State's action or the merits of casino gambling in Maine.

The clerk may incorporate this order in the docket by reference.


Dated:        February 10, 2003

PLAINTIFF:
Durward W. Parkinson, Esq.
BERGEN & PARKINSON
62 PORTLAND RD
KENNEBUNK ME   04043

G. Arthur Brennan
Justice, Superior Court

DEFENDANT-SECRETARY OF STATE
William H. Laubenstein, III AAG
6 STATE HOUSE STATION
AUGUSTA ME  04333-0006

DEFENDANT-Think About It
Erin M. Lehane, Esq.
One Monument Way
Portland, ME  04112

Defendants-The Passamaquoddy Tribe & Penobscot Nation
John P. McVeigh, Esq.
PRETI FLAHERTY BELIVEAU & PACHIOS
PO BOX 9546
PORTLAND ME   04112-9546